FEINBERG DAY KRAMER ALBERTI
LIM TONKOVICH & BELLOLI LLP
Robert F. Kramer (SBN 181706)
rkramer@feinday.com
M. Elizabeth Day (SBN 177125)
eday@feinday.com
David Alberti (Bar No. 220625)
dalberti@feinday.com
Russell S. Tonkovich (SBN 233280)
rtonkovich@feinday.com
Marc C. Belloli (SBN 244290)
mbelloli@feinday.com
Nicholas V. Martini (SBN 237687)
nmartini@feinday.com
Kate E. Hart (SBN 275121)
khart@feinday.com
Aidan M. Brewster (SBN 319691)
abrewster@feinday.com
577 Airport Blvd., Suite 250
Burlingame, California 94010
Telephone:  (650) 825-4300
Facsimile:  (650) 460-8443

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VIZIO, INC.,<br><br>Defendant. | Case No. 8:18-cv-01571-JVS (DFMx)<br><br>**PLAINTIFF POLARIS POWERLED TECHNOLOGIES, LLC'S RESPONSIVE SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF**<br><br>Judge:    Hon. James v. Selna |

1  VIZIO argues that "configured to receive" should be given its plain and ordinary meaning of "designed to receive" in the phrases "a first input configured to receive a user signal" in claim 1 and "a second input configured to receive a selection signal" in claim 9.  ECF 236 at 1.  VIZIO's "designed to receive" construction is completely new to Polaris as VIZIO never informed or discussed this construction with Polaris at any point prior to the VIZIO filing its supplemental brief.

Since the claim construction hearing on November 20, VIZIO has changed its position with regard to these two terms.  VIZIO presents absolutely no argument restricting how the "first input" and "second input" can be implemented.  In VIZIO's supplemental brief, VIZIO does *not* dispute that "a first input configured to receive a user signal" and "a second input configured to receive a selection signal" can be implemented in hardware, software, or a combination of both.  In fact, VIZIO proposes a broad, plain meaning construction of "configured to receive" as "designed to receive," which would necessarily cover all implementations "designed to receive" a signal regardless of whether the implementations are in hardware, software, or a combination of both.

Furthermore, the claim language is directed to a "brightness control circuit" with "a first input *configured to* receive a user signal" and "a second input *configured to* receive a selection signal."  The only way to *configure* the "input" of a circuit is in hardware, software, or a combination of both.  Polaris' construction thus accurately states the meaning of configured to in the context of the claims.

Therefore, in light of VIZIO's supplemental brief, there appears to be no dispute between the parties that "a first input configured to receive a user signal" and "a second input configured to receive a selection signal" can be implemented in hardware, software, or a combination of both.  The Court should thus adopt Polaris' constructions of "a first input configured to receive a user signal" as "a first input actually programmed or implemented with hardware or software to receive a user

signal" in claim 1 and "a second input configured to receive a selection signal" as "a second input actually programmed or implemented in hardware or software to receive a selection signal" in claim 9.

Dated:  December 16, 2019

FEINBERG DAY KRAMER ALBERTI TONKOVICH LIM & BELLOLI LLP

By: /s/ *Robert F. Kramer*
    Robert F. Kramer

*Attorneys for Plaintiff*
Polaris PowerLED Technologies, LLC