QUINN EMANUEL URQUHART & SULLIVAN LLP
Zachariah Summers (SBN 255284)
zachsummers@quinnemanuel.com
Miles D. Freeman (SBN 299302)
milesfreeman@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Raymond N. Nimrod
(admitted *pro hac vice*)
raynimrod@quinnemanuel.com
Richard W. Erwine
(admitted *pro hac vice*)
richarderwine@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant VIZIO, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br><br>　　Plaintiff,<br><br>　　v.<br><br>VIZIO, INC.,<br><br>　　Defendant. | Case No. 8:18-cv-01571-JVS (DFMx)<br><br>**VIZIO INC.'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing Date:  June 29, 2020 at 1:30 PM**<br><br>**Courtroom:  10C**<br><br>**Judge:  Hon. James V. Selna** |

Pursuant to Central District of California Local Rule 56-1, Defendant VIZIO, Inc. submits this Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment.

## STATEMENT OF UNCONTROVERTED FACTS

| NO. | UNCONTROVERTED FACT | SUPPORT |
|---|---|---|
| 1 | Polaris asserts claims 1-7 of U.S. Patent No. 7,239,087 ("the '087 Patent") against VIZIO. | Summers Decl. Ex. B ¶ 2. |
| 2 | Claim 1 of the '087 Patent is an independent claim. | Dkt. 1-1 at Claim 1. |
| 3 | Claim 1 of the '087 Patent recites:<br><br>1. A multi-load time sharing driver comprising:<br>    a current source configured to provide a regulated current;<br>    a network of semiconductor switches coupled in series; and<br>    a plurality of light sources in a backlight system, each light source associated with a semiconductor switch, wherein the semiconductor switch selectively opens to allow the associated light source to conduct the regulated current. | Dkt. 1-1 at Claim 1. |
| 4 | Claims 2-7 of the '087 Patent depend from claim 1. | Dkt. 1-1 at Claims 2-7. |
| 5 | Polaris accuses over two hundred VIZIO televisions of infringing the '087 Patent, | Summers Decl. Ex. B ¶ 2. |

| | | |
|---|---|---|
| | | which are made by TPV, AmTran, Foxconn, or Wistron. | |
| 6 | A complete list of accused VIZIO products appears in paragraph 2 of Polaris's infringement expert's report. | Summers Decl. Ex. B ¶ 2. |
| 7 | Polaris's infringement expert Mr. Carlson opines that the VIZIO M50-E1 television is representative of all VIZIO products manufactured by TPV. | Summers Decl. Ex. B ¶¶ 90, 97, 105, 116; Summers Decl. Ex. C at 2. |
| 8 | Polaris's infringement expert Mr. Carlson opines that the VIZIO M557-G0 television is representative of all VIZIO products manufactured by AmTran, except the E470i-A0/A0B, E500d-A0, E500i-A0/A0B, E420d-A0/A0B, E420i-A0/A0B, and VF551XVT. | Summers Decl. Ex. D at 2, 14 & 21. |
| 9 | The AmTran-manufactured VIZIO E470i-A0/A0B, E500d-A0, E500i-A0/A0B, E420d-A0/A0B, E420i-A0/A0B, and VF551XVT utilize a slightly different architecture than the M557-G0 but their relevant operation and structure is unchanged. | Summers Decl. Ex. D at 2, 14 & 21. |
| 10 | Polaris's infringement expert Mr. Carlson opines that the VIZIO F70-F3 television is representative of all VIZIO products manufactured by Foxconn, except the M601d-A3, M701d-A3, M801d-A3, and M801i-A3. | Summers Decl. Ex. E at 2, 15 & 21. |

| | | | |
|---|---|---|---|
| | 11 | The Foxconn-manufactured VIZIO M601d-A3, M701d-A3, M801d-A3, and M801i-A3 utilize a slightly different architecture than the F70-F3 but their relevant operation and structure is unchanged. | Summers Decl. Ex. E at 2, 15 & 21. |
| | 12 | Polaris's infringement expert Mr. Carlson opines that the VIZIO E40-C2 television is representative of all VIZIO products manufactured by Wistron, except the E551i-A2. | Summers Decl. Ex. F at 2, 13-14, 20-21. |
| | 13 | The Wistron-manufactured VIZIO E551i-A2 utilizes a slightly different architecture than the E40-C2 but the relevant operation and structure is unchanged. | Summers Decl. Ex. F at 2, 13-14, 20-21. |
| | 14 | Polaris's infringement expert Mr. Carlson does not identify any material differences between the accused VIZIO products that include the AS3824 LED driver and any other product for purposes of whether the limitation "a network of semiconductor switches coupled in series" reads on the accused products. | Summers Decl. Ex. B ¶¶ 102-105 & Summers Decl. Ex. C at 9-10 (TPV M50-E1 includes AS3824 LED driver); Summers Decl. Ex. D at 13 (AmTran M557-G0 includes AS3824 LED driver), 15 (for subset of AmTran products, "[w]hile circuitry is different than the familiar AS3824 LED driver, the |

|  |  | functionality is the same."); Summers Decl. Ex. E at 12-13 (Foxconn E70-F3 includes AS3824 LED driver), 15 (for subset of Foxconn products that use field-programmable gate array instead of MOSFET, "the relevant operation and structure is unchanged"), 16 ("This implementation uses different circuitry (FPGA and op amps) rather than the more common AMS LED driver, but the functional results are the same."); Summers Decl. Ex. F at 12-13 (Wistron E40-C2 includes AS3823 LED driver, which uses MOSFETs to control the LED strings), 13-14 (for Wistron E551i-A2, "A single Wistron product utilize a slightly different |

| | | | |
|---|---|---|---|
| | | | architecture, though the relevant operation and structure is unchanged."); Gershowitz Decl. ¶ 55. |
| | 15 | Polaris's infringement expert Mr. Carlson does not identify any material differences between the accused VIZIO products that include the AS3824 LED driver and any other product for purposes of whether the limitation "wherein the semiconductor switch selectively opens to allow the associated light source to conduct the regulated current" reads on the accused products. | Summers Decl. Ex. B ¶¶ 110-117 & Summers Decl. Ex. C at 12-16 (TPV M50-E1 includes AS3824 LED driver); Summers Decl. Ex. D at 17-21 (AmTran M557-G0 includes AS3824 LED driver), 21-22 (for subset of AmTran products, "[w]hile circuitry is different than the familiar AS3824 LED driver, the functionality is the same."); Summers Decl. Ex. E at 16-21 (Foxconn E70-F3 includes AS3824 LED driver), 21 (for subset of Foxconn products that use FPGA instead of LED driver integrated circuit, MOSFETs only conduct |

|  |  |  |
|---|---|---|
|  |  | current when closed like with the AS3824); Summers Decl. Ex. F at 14-20 (Wistron E40-C2 includes AS3823 LED driver, which uses MOSFETs that only conduct current when closed), 20 (for Wistron product with a "slightly different architecture," "While circuitry is different than the familiar AS3824 LED driver, the functionality is the same"). |
| 16 | Polaris's expert, Mr. Carlson, opines in his infringement report that the MOSFETs or bipolar transistors that control the LED strings in the backlight of the accused products are the "semiconductor switches" "associated with" the LED strings in the backlight recited in Claim 1. | Summers Decl. Ex. B ¶¶ 110-111; Summers Decl. Ex. C at 16-17; Summers Decl. Ex. D at 17-25; Summers Decl. Ex. E at 16-21; Summers Decl. Ex. F at 14-21. |
| 17 | In all of the accused products, the MOSFETs or bipolar junction transistors that Mr. Carlson identifies as the "semiconductor | Gershowitz Decl. ¶¶ 52-55, 65, 73, 83, 88, 113-120; Dkt. 75 at 1 ("Indeed, VIZIO points at certain |

| | | |
|---|---|---|
| | "switches" "associated with" LED strings are arranged in parallel. | parallel switches in its televisions that Polaris never claimed are coupled in series."). |
| 18 | Parallel circuits have multiple current paths that divide current between them. | Gershowitz Decl. ¶ 54, 115. |
| 19 | Series circuits have only one current path. | Gershowitz Decl. ¶¶ 37, 54, 115; Summers Decl. Ex. N at VIZIO_0149709 & VIZIO_0149712; Dkt. 75-17 at 5. |
| 20 | To the extent a switch in the power supply is considered as part of a "network" with the MOSFETs or bipolar junction transistors that Mr. Carlson identifies as the "semiconductor switches" "associated with" LED strings, Mr. Carlson has characterized the circuit as a "series-parallel" circuit. | Summers Decl. Ex. B ¶¶ 102-103. |
| 21 | Mr. Carlson states in his report that:<br><br>"A component in a circuit can be coupled 'in series' with other components that are themselves coupled in parallel. This is referred to as a 'series-parallel' circuit." | Summers Decl. Ex. B ¶ 102. |
| 22 | In all of the accused products, no current is conducted to an LED string when the | Gershowitz Decl. ¶¶ 53-55, 134-136. |

| | | | |
|---|---|---|---|
| | | associated MOSFET or bipolar junction transistor is open. | |
| | 23 | The only claim limitation in Claim 1 of the '087 Patent that Polaris asserts is infringed under the doctrine of equivalents is, "a plurality of light sources in a backlight system, each light source associated with a semiconductor switch, wherein the semiconductor switch selectively opens to allow the associated light source to conduct the regulated current." | Summers Decl. Ex. B ¶¶ 121-23; Summers Decl. Ex. C at 16-17; Summers Decl. Ex. D at 24-25; Summers Decl. Ex. E at 21; Summers Decl. Ex. F at 20-21. |
| | 24 | Polaris's infringement expert, Mr. Carlson, opines that, given that "light sources can only conduct current when and if the semiconductor switch is opened," "[t]he Accused Products perform the function in substantially the same way as the semiconductor switches in the '087 Patent, which use PWM signals to control (e.g., actuate) the switches." | Summers Decl. Ex. B ¶ 121; Summers Decl. Ex. C at 17; Summers Decl. Ex. D at 24-25; Summers Decl. Ex. F at 20-21. |
| | 25 | Polaris's infringement expert, Mr. Carlson, opines that "For example, the Accused Products send time varying signals (e.g., PWM signals) to the switches independently, causing the switches to open and close at a fast rate." | Summers Decl. Ex. B ¶ 117, 121; Summers Decl. Ex. C at 17; Summers Decl. Ex. D at 24-25; Summers Decl. Ex. F at 20-21. |

-8-   Case No. 8:18-cv-01571-JVS (DFMx)
VIZIO'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

## CONCLUSIONS OF LAW

| NO. | CONCLUSION OF LAW |
|---|---|
| 1 | VIZIO's accused televisions do not literally infringe claims 1-7 of the '087 patent because they do not satisfy the limitation "a network of semiconductor switches coupled in series"; the accused switches associated with the relevant LED strings are not coupled in series. |
| 2 | To the extent Polaris includes one or more switches associated with the power supply as part of its infringement allegations, such switches are not properly considered as part of the "network of semiconductor switches coupled in series." |
| 3 | Even if the one or more switches associated with the power supply are considered part of the "network of semiconductor switches coupled in series," VIZIO's accused televisions do not literally infringe claims 1-7 of the '087 patent because they do not include the limitation "a network of semiconductor switches coupled in series"; the accused switches associated with the relevant LED strings are not coupled in series. |
| 4 | To the extent Polaris includes one or more switches associated with the power supply and only one of the LED switches associated with the LED strings, VIZIO's accused televisions do not literally infringe claims 1-7 of the '087 patent because the claim requires "a plurality of light sources in a backlight system" where "each light source [is] associated with a semiconductor switch," and there thus must be multiple light sources ("a plurality") with multiple associated switches "coupled in series," not just one light source (i.e., string of LEDs) with an associated switch further coupled to a switch associated with the power supply. |
| 5 | VIZIO's accused televisions do not literally infringe claims 1-7 of the '087 patent because they do not include the limitation "wherein the |

|   | semiconductor switch selectively opens to allow the associated light source to conduct the regulated current"; when the accused semiconductor switches open, they do not "allow the associated light source to conduct regulated current." |
|---|---|
| 6 | VIZIO's accused televisions do not infringe claims 1-7 of the '087 patent because they do not include the limitation "wherein the semiconductor switch selectively opens to allow the associated light source to conduct the regulated current" under the doctrine of equivalents; that would vitiate the limitation "selectively opens" and the doctrine of equivalents cannot be used to capture the opposite of a claim limitation. |

DATED: May 22, 2020          Respectfully submitted,

By */s/ Richard W. Erwine*
　 /s/ Richard W. Erwine

Attorney for Defendant and Counterclaim-Plaintiff VIZIO, Inc.